UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.10-20798-CR-COOKE(S)

United States of America

      Plaintiff,

v.

JOHN FINKELSTEIN WINER,

      Defendant.
_____/

## STANDING DISCOVERY ORDER

The above-named defendant(s) having been arraigned this date in open Court, it is thereupon,

ORDERED and ADJUDGED that on or before fourteen (14) days from the date of this Order, the parties shall confer and the following shall be accomplished:

(a) The government shall permit the defendant to inspect and copy the following items or copies thereof, or supply copies thereof, which are within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the government:

    (1) Written or recorded statements made by the defendant;
    (2) The substance of any oral statement made by the defendant before or after his arrest in response to interrogation by a then known-to-be government agent which the government intends to offer in evidence at trial;
    (3) Recorded grand jury testimony of the defendant relating to the offenses charged;
    (4) The defendant's arrest and conviction record;
    (5) Books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case-in-chief, or which were obtained from or belonging to the defendant; and
    (6) Results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with this case.

(b) The defendant shall permit the government to inspect and copy the following items, or copies thereof, or supply copies thereof, which are within the possession, custody or control of the defendant, the existence of which is known or by the exercise of due diligence may become known to the defendant:

    (1) Books, papers, documents, photographs or tangible objects which the defendant intends to introduce as evidence-in-chief at trial.
    (2) Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case which the defendant intends to introduce as evidence-in-chief at trial, or which were prepared by a defense witness who will testify

concerning the contents thereof; and

(3) If a defendant intends to rely upon the defense of insanity at the time of the alleged crime, or intends to introduce expert testimony relating to a mental disease or defect or other mental condition bearing on guilt or, in a capital case, punishment, he or she shall give written notice thereof to the government.

(c) The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

(d) The government shall disclose to the defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), and *Napue v. Illinois*, 360 U.S. 264 (1959).

(e) The government shall supply the defendant with a record of prior convictions of any alleged informant who will testify for the government at trial.

(f) The government shall state whether defendant was identified in any lineup, showup, photospread or similar identification proceeding, and produce any pictures utilized or resulting therefrom.

(g) The government shall advise its agents and officers involved in this case to preserve all rough notes.

(h) The government shall advise the defendant(s) of its intention to introduce extrinsic act evidence pursuant to Federal Rule of Evidence 404(b). The government shall provide notice regardless of how it intends to use the extrinsic act evidence at trial, i.e. during its case-in-chief, for impeachment, or for possible rebuttal. Furthermore, the government shall apprise the defense of the general nature of the evidence of the extrinsic acts.

(i) The government shall state whether the defendant was an aggrieved person, as defined in 18 U.S.C. § 2510(11), of any electronic surveillance, and if so, shall set forth in detail the circumstances thereof.

(j) The government shall have transcribed the grand jury testimony of all witnesses who will testify for the government at the trial of this cause, preparatory to a timely motion for discovery.

(k) The government shall, upon request, deliver to any chemist selected by the defense, who is presently registered with the Attorney General in compliance with 21 U.S.C. §§ 822 and 823, and 21 C.F.R. § 101.22(8), a sufficient representative sample of any alleged contraband which is the subject of this indictment, to allow independent chemical analysis of such sample.

(l) The government shall permit the defendant, his counsel and any experts selected by the defense to inspect any automobile, vessel, or aircraft allegedly utilized in the commission of any offenses charged. Government counsel shall, if necessary, assist defense counsel in arranging such inspection at a reasonable time and place, by advising the government authority having custody of the thing to be inspected that such inspection has been ordered by the court.

(m) The government shall provide the defense, for independent expert examination, copies of all latent

fingerprints or palm prints which have been identified by a government expert as those of the defendant.

(n)     The government shall, upon request of the defendant, disclose to the defendant a written summary of testimony the government reasonably expects to offer at trial under Federal Rules of Evidence 702, 703, or 705. This summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. If the defendant seeks and obtains discovery under this paragraph, or if the defendant has given notice under Federal Rule of Criminal Procedure 12.2(b) of an intent to present expert testimony on the defendant's mental condition, the defendant shall, upon request by the government, disclose to the government a written summary of testimony the defendant reasonably expects to offer at trial under Federal Rules of Evidence 702, 703, 705 or Federal Rule of Criminal Procedure 12.2(b), describing the witnesses' opinions, the bases and the reasons for these opinions, and the witnesses' qualifications.

(o)     The parties shall make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite the trial.

(p)     The parties shall collaborate in preparation of a written statement to be signed by counsel for each side, generally describing all discovery material exchanged, and setting forth all stipulations entered into at the conference. No stipulations made by defense counsel at the conference shall be used against the defendant unless the stipulations are reduced to writing and signed by the defendant and his counsel. This statement, including any stipulations signed by the defendant and his counsel, shall be filed with the Court within seven (7) days following the conference.

(q)     Timing of all discovery shall be governed by the provisions set forth in paragraph Q of Local Rule 88.10.

It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of this Standing Order.

Upon a sufficient showing, the Court may at any time, upon motion properly filed, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make every good effort to comply with the letter and spirit of this Standing Order.

All motions concerning matters not covered by this Standing Order must be filed pursuant to Local Rule 88.9 within twenty-eight (28) days of this Order.

DONE and ORDERED at Miami, Florida this 13th day of June , 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE